Exhibit C

28 Aug 2020

Mr. Warren Carsey
President
Seaon Environmental, LLC
2055 E. Warner Road
Tempe, AZ 85284

(Sent as .pdf copy to email addresses:
warren@seaonglobal.com; info@seaonglobal.com)

Dear Mr. Carsey,

SUBJECT:  RESPONSE TO AGENCY LEVEL PROTEST OF AWARD DECISION IN RFQ
NO. N6824620Q0037

This responds to the subject agency protest addressed to Elaine Jolliff at
elaine.jolliff@fe.navy.mil dated 23 Aug 2020.  I am the Contracting Director at NAVSUP Fleet
Logistics Center Yokosuka (NAVSUP FLCY) and oversee contracts awarded out of NAVSUP
Fleet Logistics Center Site Sasebo (NAVSUP FLC Site Sasebo).

The protest raises concerns regarding the evaluation conducted under the subject RFQ
and the resulting award to Kanto Kosan.  I am responding to the protest on behalf of the U.S.
Government.  I have reviewed the allegations contained within the protest as well as the other
relevant documents in the acquisition file.

I.   Statement of Facts.  On 07 August 2020, RFQ N6824620Q0037, a Firm Fixed Price
solicitation for Oily Waste Water (OWW) treatment and recycling commercial services was
released as a full and open competition.  The solicitation utilized simplified acquisition
procedures under FAR Part 13.5. The subject solicitation provided that the Government intended
to award a contract "to the responsible offer who submits the lowest priced, technically
acceptable offer with an acceptable level of past performance risk." FAR 52.212-2.

Past performance was evaluated under the subject RFQ on an acceptable/unacceptable basis.
Specifically, FAR 52.212-2 Evaluation – Commercial Items in the solicitation provides:

The Contracting Officer will evaluate PPI submitted for the past three years. The
following areas will be reviewed for past performance:
- Quality of service (technical compliance with contract requirements);
- Timeliness of performance (ability to meet schedule); and
- Management (offeror's general businesslike concern for the interest of the
customer)

Past Performance will be provided a rating of:

Acceptable
Unacceptable

1

An "Acceptable" rating will be given to an offeror who within the past three years has been not seriously deficient in contract performance, or in the event of a seriously deficient rating the Contracting Officer determines that the circumstances were properly beyond the offeror's control or that the offeror took appropriate corrective action, or the offeror's performance record is unknown. (See note below.)

Note: In the case of an offeror without a record of relevant past performance or for whom information on past performance is not available or so sparse that no meaningful past performance rating can be reasonably assigned, the offeror may not be evaluated favorably or unfavorably on past performance (see FAR 15.305(a)(2)(iv)). Therefore, the offeror shall be determined to have unknown past performance. In the context of acceptability/unacceptability, "unknown" shall be considered "acceptable."

An "Unacceptable" rating will be given to an offeror who within the past three years has been seriously deficient in contract performance, unless the Contracting Officer determines that the circumstances were properly beyond the offeror's control or that the offeror took appropriate corrective action. "Seriously deficient" denotes a situation where performance did not meet a material contract requirement. The past performance summary report will also include the recommendations and /or questions for each offeror's proposal if there remains a need for discussions. An offeror who receives a rating of Unacceptable will not be further considered for award and will be excluded from the competitive range.

Based on evaluation of the proposals received in response to the RFQ and in accordance with the evaluation procedures contained therein, award was made to Kanto Kosan on 13 August 2020.

Seaon Environmental, LLC submitted its protest to Elaine Jolliff via email on 23 August 2020 requesting that the agency provide a formal ruling on the grounds for protest.

II. Overview of Protest.  In the protest, you assert that the contracting officer performed a flawed evaluation of Kanto Kosan's offer in terms of its responsibility determination, its past performance evaluation, its evaluation of contractual compliance, and its documentation of the award decision.  Additionally, you assert that the contracting officer breached its duty of good faith and fair dealing by awarding to Kanto Kosan.  The underlying basis for each of these allegations is that the contracting officer allegedly failed to consider and account for numerous criminal and contractual offenses alleged against Kanto Kosan.  As more specifically described below, the contracting officer appropriately determined that Kanto Kosan is a responsible offeror and conducted its evaluation in accordance with the criteria contained in the evaluation.  As a result, I deny your protest in its entirety.

III. Responsibility Determination.  In your protest, you allege that the contracting officer erroneously determined that Kanto Kosan was a responsible offeror because numerous news articles indicate that Kanto Kosan is under investigation by the U.S. Navy, the Department of

Justice and Japanese authorities for criminal actions and contractual noncompliance, including dumping untreated OWW into the sea.  You also alleged that, based on the finding of responsibility, it is reasonably likely that Kanto Kosan intentionally submitted false certifications in response to the solicitation.  Specifically, you note that the offeror and its principals are required to certify whether they are "presently debarred, suspended, proposed for debarment, or declared ineligible for the award of contracts by any Federal agency; have, within a three-year period preceding the offer, been convicted of various crimes or had certain civil judgement rendered against them, or otherwise criminally or civilly charged, with the commission of certain identified offenses." Post-Award Protest at 4.  Based on the allegations contained in the news reports, you allege that, if proven true, such allegations would amount to offenses which must be reported in accordance with the above certifications.

The contracting officer did not perform a flawed responsibility determination.  In rendering a responsibility determination, the FAR requires contracting officers to determine, among other things, that the contractor has "a satisfactory record of integrity and business ethics."  FAR 9.104-1(d).  Where information does not clearly indicate that the prospective contractor is responsible, the contracting officer shall make a determination of nonresponsibility.  FAR 9.103(b).  Additionally, as noted in your protest, GAO typically does not review a determination of responsibility, but rather, reviews whether the contracting officer "ignored information that, by its nature, would be expected to have a strong bearing on whether the awardee should be found responsible." *FCi Federal Inc.*, B-408558.4, B-408558.5, B-408558.6, Oct. 20, 2014, 2014 Comp. Gen. Proc. Dec. P 308 at 7 (citing 4 C.F.R. § 21.5(c)).

In this case, the contracting officer considered Kanto Kosan's responses to the Responsibility Determination Questionnaire as well as Kanto Kosan's past performance in determining that Kanto Kosan has a satisfactory record of integrity and business ethics.  Additionally, the contracting officer was aware of prior media reports indicating that Kanto Kosan had allegedly committed violations of contracts and law.  However, due to the recent past performance information indicating that Kanto Kosan has satisfactory record of integrity and business ethics and the fact that none of the allegations in the news reports have arisen to an indictment or any other formal findings or proceedings against Kanto Kosan, the contracting officer made an affirmative responsibility determination.

While the Navy is unable to comment on ongoing criminal investigations, it is clear that no formal findings of wrongdoing have been made at this time.  Because there is no formal findings or documentation currently available, this evaluation is factually dissimilar to cases in which GAO has required contracting officers to seek further information regarding a contractor's integrity.  *See e.g. id.* at 11 (finding the contracting officer should have read the civil complaint filed by the Department of Justice against the offeror); *c.f. DynCorp International, LLC*, B-411465, B-411465.2, Aug. 4, 2015, 2015 Comp. Gen. Proc. Dec. P 228 at 20 (finding the contracting officer adequately considered the two Department of Justice complaints against the offeror).  Specifically, GAO has stated that there is no requirement for the contracting officer to personally review all information related to contract performance in order to determine whether an offeror did, or did not, commit fraud while performing prior contracts.  *FN Manufacturing, Inc.*, B-297172, B-297172.2, Dec. 1, 2005, 2005 Comp. Gen. Proc. Dec. P 212 at 12.  Therefore, in this case, the contracting officer properly conducted the responsibility determination by

relying on the recent record of satisfactory contract performance and record of integrity and business ethics.

Additionally, as there have been no formal findings related to an investigation into Kanto Kosan, there is no indication that Kanto Kosan made a false representation related to whether it has been debarred, suspended, proposed for debarment, or declared ineligible for the award of contracts by any Federal agency; or, within a three-year period preceding the offer, been convicted of various crimes or had certain civil judgement rendered against them, or otherwise criminally or civilly charged, with the commission of certain identified offenses.  Additionally, the information currently available to the contracting officer indicates and supports that Kanto Kosan is a responsible offeror.  As a result, the contracting officer did not perform a flawed responsibility determination.

    IV. <u>Past Performance Evaluation</u>.  In your protest, you also assert that the contracting officer performed a flawed past performance evaluation because, given the allegations contained in the news reports and the alleged ongoing investigations, Kanto Kosan's past performance should have been found unacceptable.  You allege that the contracting officer failed to consider information other than that provided by the offerors themselves.

The contracting officer performed the past performance evaluation in accordance with the stated evaluation criteria included in the solicitation.  As noted above, the contracting officer evaluated past performance information for the past three years in order to determine whether the offeror's past performance was acceptable or unacceptable in accordance with the stated definitions of those terms.  The evaluation of Kanto Kosan's past performance included evaluation of both information provided by the offeror and evaluation of data found in other databases, including CPARS and PPIRS, as was described in the RFQ.  Based on this information, Kanto Kosan's past performance record was found to be acceptable.

As stated above, the news articles and alleged ongoing investigation into Kanto Kosan have not resulted in any formal findings, adverse actions, or other documentation.  Additionally, Yokohama City's revocation of the license of an affiliate in 2015 would not be applicable to the past performance evaluation under the subject RFQ because the revocation occurred over 3 years prior to the RFQ and was related to an affiliate of Kanto Kosan, and not the actual offeror itself.  As a result, the contracting officer performed its past performance evaluation in accordance with the stated criteria within the contract, and therefore, did not provide an "unfair evaluation" or violate its duty of good faith and fair dealing.

While the Government is required to consider information related to past performance that is "too close at hand" to ignore, GAO has found that there is nothing improper in the Government limiting its review to information submitted in proposals as well as other official government sources, and "to not consider unproven outside information."  *BillSmart Solutions, LLC*, B-413272.4, B-413272.5, Oct. 23, 2017, 2017 Comp. Gen. Proc. Dec. P 325 at 8; *IBM-U.S. Federal*, B-407073.3, B-407073.4, B-407073.5, B-407073.6, Jun. 6, 2013, 2013 Comp. Gen. Proc. Dec. P 142 at 15 (finding a past performance evaluation proper where the evaluation team was aware of news reports regarding contract noncompliance but concluded that the reports were not sufficiently detailed to take into account the noncompliance in the past performance

evaluation).  Therefore, the contracting officer's reliance on the past performance record contained in the proposal and in Government databases in determining that Kanto Kosan had acceptable past performance was not improper.

V.  <u>Compliance with DFARS 252.225-7976.</u>  You have also alleged in your protest that based on the allegations contained in the news articles, Kanto Kosan's past performance indicates that it cannot meet the requirements of DFARS 252.225-7976 (DEVIATION 2018-O0019).  Again, as indicated above, the news articles and alleged ongoing investigations have not resulted in any formal findings upon which the contracting officer can reasonably rely in order to make a determination of noncompliance with DFARS 252.225-7976 (DEVIATION 2018-O0019).  As a result, the Government properly evaluated the proposal for compliance with the terms and conditions of the contract.

VI. <u>Documentation of Award Decision.</u>  You have alleged that the contracting officer failed to meaningfully document the award decision because the contracting officer's notice of unsuccessful offer did not provide insight into how the award decision was reached. This allegation is without merit.

First and foremost, the contents of a notification of unsuccessful offer have no relation to the extent of documentation contained in the contract file.  Specifically, pursuant to FAR 15.503, a notice of unsuccessful offer need only disclose:
  i)      The number of offerors solicited
  ii)     The number of proposals received
  iii)    The name and address of the offeror receiving an award
  iv)     The total contract price
  v)      And in general terms, the reason the offeror's proposal was not accepted, unless the price information readily reveals the reason.

Additionally, for acquisitions utilizing simplified acquisition procedures such as this, the only information the contracting officer must furnish to an unsuccessful offeror is the information contained in FAR 15.503(b)(1) and no further debriefing is required.  Therefore, the contracting officer was not required to provide any further specific information or insight into how the award decision was reached.  This, however, does not equate to the absence of such information in the contract file.  In this case, the contracting officer adequately documented the award decision in accordance with the evaluation criteria. Accordingly, this protest ground is denied.

VII.      <u>Breach of Government's Duty of Good Faith and Fair Dealing.</u>  You have summed up your allegations by stating that the contracting officer breached its duty of good faith and fair dealing by failing to consider the news articles and alleged ongoing investigations into Kanto Kosan.  As stated repeatedly above, the contracting officer did not ignore or "turn a blind eye" to relevant past performance information.  Rather, the contracting officer considered the relevant and recent past performance information available to it in rendering its award decision. Any information contained in the news reports or related to the alleged ongoing investigations has not resulted in any formal findings or proceedings upon which the contracting officer determined it could rely in making a responsibility determination, a past performance evaluation,

or a contract compliance determination.  Rather, the contracting officer considered the information available to him in rendering this award decision.

Further, if the contracting officer were to follow Seaon Environmental's recommendation of finding Kanto Kosan nonresponsible based on news reports and alleged investigations, a series of such determinations would likely lead to a de facto debarment, depriving Kanto Kosan of its due process rights to which they are entitled in formal exclusion proceedings. *See e.g. General Services Administration,* B-151269, Aug. 8, 1963, 43 Comp.Gen. 140 at 4 (finding repeated determinations of nonresponsibility can operate to deny an offeror the right to defend itself).  As a result, the contracting officer properly evaluated the proposal in accordance with the stated evaluation criteria and made a proper determination regarding the offeror's responsibility.

VIII.     <u>Relief Requested</u>.  For the aforementioned reasons, I deny the protest in its entirety.  Thank you for your participation in the acquisition.

Sincerely,

BRICKHAUS.MATTHEW
.JOSEPH.1145272072

Digitally signed by
BRICKHAUS.MATTHEW.JOSEPH.114
5272072
Date: 2020.08.28 07:21:18 +09'00'

BRICKHAUS, M. J.
CDR, SC, USN